UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CODY DUDLEY,

Plaintiff,

v. CASE NO: 8:10-cv-1660-T-33AEP

ALL SEASONS LANDSCAPING, INC.,

Defendant.
_______________________________/

**ORDER**

This cause comes before the Court pursuant to Defendant All Seasons Landscaping, Inc.'s Motion for Final Summary Judgment (Doc. # 27) and Plaintiff Cody Dudley's Motion for Partial Summary Judgment (Doc. # 38). Dudley filed a Response Memorandum in Opposition to All Seasons' Motion for Final Summary Judgment (Doc. # 32) and All Seasons filed an Amended Reply thereto (Doc. # 46). All Seasons filed a Response in Opposition to Dudley's Motion for Partial Summary Judgment (Doc. # 41) and Dudley filed a Reply thereto (Doc. # 47). For the reasons that follow, All Seasons' Motion for Summary Judgment is denied, and Dudley's Motion for Partial Summary Judgment is granted.

**I. Background**

Dudley was an employee of All Seasons, a domestic landscaping company, from August 2009 through May 2010. On July

13, 2010, Dudley filed this action seeking unpaid overtime compensation, liquidated damages, declaratory relief, and reasonable attorneys' fees and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*., and 29 U.S.C. §§ 2201 and 2202. (Doc. # 1). On January 27, 2011, All Seasons tendered a check to Dudley in the amount of $726.55 ($900.00 less applicable wage withholdings) for unpaid overtime and a second check in the amount of $900.00 for liquidated damages under the FLSA.[1]

**II. Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute alone is not enough to defeat a properly pled motion for summary judgment; only the existence of a genuine issue of material fact will preclude a grant of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.

[1]Although there is a dispute as to whether the tendered offer was accepted or rejected, the resolution of that dispute is irrelevant to the issues before the Court.

Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996) (citing Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 919 (11th Cir. 1993)). A fact is material if it may affect the outcome of the suit under the governing law. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997).

The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1260 (11th Cir. 2004) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). "When a moving party has discharged its burden, the non-moving party must then 'go beyond the pleadings,' and by its own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 593-94 (11th Cir. 1995) (quoting Celotex, 477 U.S. at 324).

If there is a conflict between the parties' allegations or evidence, the non-moving party's evidence is presumed to be true and all reasonable inferences must be drawn in the non-moving party's favor. Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1164 (11th Cir. 2003). If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts,

and if that inference introduces a genuine issue of material fact, the court should not grant summary judgment. Samples ex rel. Samples v. City of Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988) (citing Augusta Iron & Steel Works, Inc. v. Emp'rs Ins. of Wausau, 835 F.2d 855, 856 (11th Cir. 1988)). However, if the non-movant's response consists of nothing "more than a repetition of his conclusional allegations," summary judgment is not only proper, but required. Morris v. Ross, 663 F.2d 1032, 1034 (11th Cir. 1981).

## III. Defendant All Seasons' Motion for Final Summary Judgment

All Seasons moves this Court for summary judgment on the grounds that it tendered the full amount of the relief to which Dudley is entitled. As such, All Seasons argues, this action is now moot. See, e.g., Gathagan v. Rag Shop/Hollywood, Inc., No. 04-80520-CIV, 2005 WL 6504414 (S.D. Fla. Feb. 10, 2005)(defendant's tender of plaintiff's maximum recoverable damages rendered plaintiff's case moot); Cameron-Grant v. Maxim Healthcare Servs., Inc., 347 F.3d 1240, 1244 (11th Cir. 2003)(mootness doctrine applies to FLSA actions); Mackenzie v. Kindred Hosps. E., L.L.C., 276 F. Supp. 2d 1211, 1219 (M.D. Fla. 2003)(offer of full relief eliminates a legal dispute upon which federal jurisdiction can be based and renders the case moot). Dudley argues that All Seasons' calculation of Dudley's damages

is inaccurate and the amount of overtime compensation owed to Dudley remains in controversy.

All Seasons tendered to Dudley a check in the amount of $726.55 ($900.00 less applicable wage withholdings) for unpaid overtime and a second check in the amount of $900.00 for liquidated damages under the FLSA. The offer tendered by All Seasons is based on Dudley's time cards and overtime hours reflected on those time cards. Dudley, however, submits that he worked hours in excess of those reported on his time cards. Specifically, Dudley alleges that he "worked outside of the time that was actually punched on [his] punch card," including "[g]assing equipment, cleaning out debris from the back of the truck, putting it in the dumpster, [and] cleaning up around the shop area." (Doc. # 32-4, Dudley Depo., 63:19-25, 64:1-9). Dudley also alleges that he clocked out early at 3:15 p.m. to take the company truck for an oil change. (Id. at 26:21-25; 27:1-11). These allegations are sufficient to raise a genuine issue of material fact such that the "determination of exactly how many hours Plaintiff was improperly compensated is ... a question of fact appropriate for a jury." Solano v. A Navas Party Prod., Inc., 728 F. Supp. 2d 1334, 1344 (S.D. Fla. 2010).

All Seasons argues that if Dudley worked time in excess of what he reported on his time cards, he failed to notify All

Seasons. There are commonly cited cases holding that an employer does not have knowledge of uncompensated overtime, and therefore is not liable for uncompensated overtime, when employee-submitted time sheets show the claimed overtime did not occur. See Gaylord v. Miami-Dade Cnty., 78 F. Supp. 2d 1320, 1325 (M.D. Fla. 1999)(citing Brumbelow v. Quality Mills, Inc., 462 F.2d 1324, 1327 (5th Cir. 1972)); Newton v. City of Henderson, 47 F.3d 746, 748-49 (5th Cir. 1995). In each of these cases, however, the plaintiffs were responsible for reporting their work hours and the employers had no knowledge of the plaintiffs' off-the-clock hours and no reason to know that the information reported by the employee was inaccurate. "In reviewing the extent of an employer's awareness, a court need only inquire whether the *circumstances ...* were such that the employer either had knowledge of overtime hours being worked or else had the opportunity through reasonable diligence to acquire knowledge." Reich v. Dep't of Conservation & Natural Res., 28 F.3d 1076, 1082 (11th Cir. 1994)(internal citations, quotations omitted).

Dudley submits that All Seasons knew about his off-the-clock hours. In his deposition, Dudley testified as follows:

> Q. Okay. Is it safe to say that the amount of time that you punched in and punched out accurately reflects in your mind the amount of time you worked

for those days?

A. No. Because there was some times that I would stay later than what was reflected on the time card, preparing myself for the next morning, but - I mean, again, this has been a while. You know, I can't remember every single day or every single time I punched in or punched out or - you know. But I do remember there are times that are not on this - these records that I stayed over with one of the supervisors, and sometimes I would stay there by myself preparing my truck and my crew for the next day.

Q. And were those times - was those times you're saying you stayed after you punched out, were those ever brought to the attention of your employer at that time?

A. The supervisors knew.

(Doc. # 32-4, Dudley Depo., 23:7-23).

Q. And you testified earlier that sometimes you would come early or stay late. Were your supervisors aware that you were working hours in excess of those that were reported on your time cards?

A. Yes.

Q. Which supervisors?

A. Brian Funk, and I think Kenny knew of a couple of times.

Q. Okay. Those are the same supervisors that are responsible for turning your reported hours in to the company for payroll purposes, isn't that correct?

A. Yes.

Q. Okay. Did either Brian or Kenny ever physically see you working after you had already clocked out?

A. Yes.

> Q. Okay. And you testified earlier that you mentioned something to your supervisors about not getting paid for all the hours that you worked. Why didn't you go higher up in the chain of command?
>
> ....
>
> A. Sometimes I did ask - talk to the lady in the office, and she said she would speak to [the owner] Mr. Moffatt about that.

(Doc. # 32-4, Dudley Depo., 54:10-25; 55:1-7; see also Doc. # 38-1, Corp. Rep. Scott Moffatt Depo., 18:3-10; 33:3-12; 33:16-24 83:22-25; 84:1,9-12); see also Reyna v. Conagra Foods, Inc., No. 3:04-cv-39, 2006 WL 3667231, at *5 (M.D. Ga. Dec. 11, 2006)(rejecting defendants' argument that defendants cannot be charged with knowledge of plaintiffs' uncompensated overtime because plaintiffs signed and approved their time card summaries reflecting fewer hours than those actually worked when defendants had actual knowledge that plaintiffs were working overtime).

Because Dudley has submitted evidence that his supervisors had knowledge of hours worked in excess of those reported on his time cards, the Court finds that there is a genuine issue of material fact as to whether the amount tendered by All Seasons to Dudley represents the totality of the amount to which Dudley is entitled. As such, the Court is precluded from granting summary judgment on this issue in favor of All Seasons.

**IV. Plaintiff Dudley's Motion for Partial Summary Judgment**

Dudley seeks partial summary judgment on the issue of liability on his FLSA claim. Specifically, Dudley seeks a ruling from the Court that All Seasons violated the overtime provisions of the FLSA; that All Seasons owes Dudley wages under the FLSA for hours worked but for which Dudley was not compensated; and that Dudley, as the prevailing party as to the issue of liability, is entitled to reasonable attorney's fees and costs to be determined by the Court upon conclusion of the case. (Doc. # 38 at 11-12). Dudley submits that the only remaining issue for trial is the issue of damages.

All Seasons' response does not dispute the assertion that All Seasons violated the overtime provisions of the FLSA or that All Seasons owes Dudley wages under the FLSA for hours worked but for which Dudley was not compensated. (See Doc. # 41). Instead, All Seasons argues that Dudley cannot be deemed the prevailing party as to the issue of liability if, in fact, All Seasons has already tendered the maximum amount of recovery Dudley could obtain. The Court is unpersuaded by this argument as it has already determined that there is a genuine issue of material fact as to whether All Seasons has fully satisfied its obligations under the FLSA with its tender. As such, All Seasons' argument that Dudley has failed to establish an element

of his claim, i.e., injury or damage, is without merit.[2]

Instead, the Court finds that Dudley has established liability on the part of All Seasons and, thus, is entitled to partial summary judgment on this issue. Specifically, the Court finds that All Seasons violated the overtime provisions of the FLSA, that All Seasons owes Dudley wages under the FLSA for hours worked but for which Dudley was not compensated prior to initiating this lawsuit, and that Dudley is the prevailing party as to the issue of liability.

The Court notes, however, that it has not considered or decided the issue of whether Dudley would be entitled to attorneys' fees for the entire case or only up until the time of the tender in the instance that damages awarded do not exceed the amount tendered by All Seasons.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant All Seasons Landscaping, Inc.'s Motion for Final Summary Judgment (Doc. # 27) is **DENIED.**

(2) Plaintiff Cody Dudley's Motion for Partial Summary

---

[2]Because the amount tendered by All Seasons does not unquestionably constitute full relief for Dudley, the case cannot be deemed moot. The case cited by All Seasons for the proposition that plaintiff is not considered the prevailing party when full relief is tendered by the defendant is inapplicable. See Gathagan, 2005 WL 6504414.

Judgment (Doc. # 38) is **GRANTED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 2nd day of November, 2011.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record